Law Office of Patrick Flanigan                              Attorney for Plaintiffs
By: Patrick Flanigan
PA Attorney No.: 92794
P.O. Box 42, Swarthmore, PA 19081-0042
Tel: (484) 904-7795   Email: Pat@lawofficepf.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| THOMAS L. GILBERT § <br> 927 Booth Street § <br> Chester, PA 19013 § <br> and § <br> WILLIAM FRANCIS § <br> 6192 W. Denneys Road § <br> Dover, DE 19901, § <br> and § <br> OTHERS SIMILARLY SITUATED § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> MARIS GROVE § <br> 100 Maris Grove Way § <br> Glen Mills, PA 19342, § <br> and § <br> PA DEPARTMENT OF AGING, § <br> c/o Commonwealth of Pennsylvania § <br> 5th Floor, 555 Walnut Street § <br> Harrisburg, PA 17101-1919 § <br> Defendants. § | CIVIL ACTION NO.: **14  1431** <br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** <br><br><br> **CLASS ACTION** |

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA, 19107
**TELEPHONE: (215) 238-1701**

If you are looking for an attorney in a county listed below, then contact that county bar association's lawyer referral service (LRS) directly.

- Allegheny County, Pittsburgh: (412) 261-5555
- Beaver County, Beaver: (724) 728-4888
- Berks County, Reading: (610) 375-4591
- Blair County, Hollidaysburg: (814) 693-3090
- Bucks County, Doylestown: (215) 348-9413, (800) 991-9922
- Chester County, West Chester: (610) 429-1500
- Cumberland County, Carlisle: (717) 249-3166
- Dauphin County, Harrisburg,: (717) 232-7536
- Delaware County, Media: (610) 566-6625
- Erie County, Erie: (814) 459-4411
- Lackawanna County, Scranton: (570) 969-9600
- Lancaster County, Lancaster: (717) 393-0737
- Lehigh County, Allentown: (610) 433-7094
- Luzerne County, Wilkes-Barre: (570) 822-6029
- Mercer County, Mercer: (724) 342-3111
- Monroe County, Stroudsburg: (570) 424-7288
- Montgomery County, Norristown: (610) 279-9660
- Northampton County, Easton: (610) 258-6333
- Philadelphia County, Philadelphia: (215) 238-1701
- Washington County, Washington: (724) 225-6710
- Westmoreland County, Greensburg: (724) 834-8490
- York County, York: (717) 854-8755

Law Office of Patrick Flanigan                            Attorney for Plaintiffs
By: Patrick Flanigan
PA Attorney No.: 92794
P.O. Box 42, Swarthmore, PA 19081-0042
Tel: (484) 904-7795  Email: Pat@lawofficepf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| THOMAS L. GILBERT<br>927 Booth Street<br>Chester, PA 19013<br>   and<br>WILLIAM FRANCIS<br>6192 W. Denneys Road<br>Dover, DE 19901,<br>   and<br>OTHERS SIMILARLY SITUATED<br>      Plaintiffs,<br><br>v.<br><br>MARIS GROVE<br>100 Maris Grove Way<br>Glen Mills, PA 19342,<br>   and<br>PA DEPARTMENT OF AGING,<br>c/o Commonwealth of Pennsylvania<br>5th Floor, 555 Walnut Street<br>Harrisburg, PA 17101-1919<br>      Defendants. | CIVIL ACTION NO.:_____<br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED<br><br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT – CIVIL ACTION

Thomas Gilbert, William Francis, and other similarly situated individuals, (Collectively, the "Plaintiffs"), by and through the undersigned counsel, bring this class action against Maris Grove and the Pennsylvania Department of Aging (Collectively, the "Defendants"). The Plaintiffs were terminated because of their race by a statute that has disparate impact in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., the equal protection clause of the Constitution of the United States and the Constitution of the

Commonwealth of Pennsylvania and laws. Plaintiffs aver as follows:

## I. PRELIMINARY STATEMENT

On November 11, 2008, Plaintiff Thomas Gilbert was hired as a "Maintenance Mechanic" by Defendant Maris Grove. On May 31, 2009, Plaintiff William Francis was hired as a "Kitchen Utility Supervisor" by Defendant Maris Grove. Both Plaintiffs had prior felony convictions. Both Plaintiffs disclosed their criminal histories during the interviewing process. Both Plaintiffs are African-Americans. The pertinent time period in this lawsuit is the termination of the named Plaintiffs and of the Class members, who had been hired and were employed by Defendant Maris Grove before being fired.

During 1979 the Pennsylvania legislature passed the Criminal History Record Information Act, 18 Pa.C.S.A. §§ 9101 et seq. (effective January 1, 1980), as limiting "the use of criminal records by employers when making employment decisions." The statute was amended in 1982 and currently 18 Pa.C.S. § 9125(b) states:

> Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied.

Defendants have unconstitutionally terminated the Plaintiffs under 18 Pa.C.S. § 9125(b) and as held in *Nixon v. Commonwealth*, 839 A.2d 277 (Pa. 2003). Further, it is unlawful to terminate Plaintiffs for their prior criminal convictions without consideration "to the remoteness of those convictions or the individual's subsequent performance." *Secretary of Revenue v. John's Vending Corporation*, 309 A.2d 358, 362 (Pa. 1973). Defendants have the burden of measuring "a person for the job and not the person in the abstract." *Griggs v. Duke Power Co.*, 401 U.S. 421, 431, 463 (1971). The Plaintiffs seek equitable and legal relief afforded by both the federal and state statutes enumerated in this complaint.

## II. PARTIES AND VENUE

1. Thomas L. Gilbert (Plaintiff Gilbert) is an adult individual, who currently resides at 927 Booth Street, Chester, PA 19013-1616, and at all times material was a citizen and domiciled in the Commonwealth of Pennsylvania.

2. Mr. Gilbert is a representative Plaintiff on behalf of all other similarly situated persons.

3. William Francis (Plaintiff Francis) is an adult individual, who currently resides at 6192 W. Denneys Road, Dover, DE 19901, and at all times material was a citizen and domiciled in the City of Wilmington, New Castle County, State of Delaware.

4. Mr. Francis is a representative Plaintiff on behalf of all other similarly situated persons.

5. Maris Grove (Defendant Maris Grove) is the name of the business entity conducting business located at 100 Maris Grove Way, Glenn Mills, PA 19342 and, at all times material, transacted business in Delaware County, Pennsylvania.

6. Pennsylvania Department of Aging (Defendant DOA), c/o Commonwealth of Pennsylvania, 5th Floor, 555 Walnut Street, Harrisburg, PA 17101-1919

## III. JURISDICTION AND VENUE

7. The above mentioned paragraphs are incorporated as if set forth more fully herein.

8. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

9. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under the Commonwealth of Pennsylvania and under the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951 et seq.

10. Plaintiff obtains jurisdiction because the demand is in excess of One Hundred Fifty Thousand Dollars ($150,000.00) or as a federal question matter, or both.

11. On March 7, 2012, Plaintiff Gilbert exhausted the administrative remedies by submitting a verified First Amended Class Action Complaint to the Pennsylvania Human Relations Commission (PHRC). This verified First Amended Class Action Complaint was dual filed with the Equal Employment Opportunity Commission (EEOC). Plaintiff Frances was a named party in the First Amended Class Action Complaint.

12. On or about March 8, 2013, it had been one (1) year since the filing with the PHRC, thus Plaintiffs are entitled to bring the claims pursuant to the PHRA against Defendants.

13. On January 10, 2014, the EEOC issued a <u>Dismissal and Notice of Rights</u> to Plaintiffs.

14. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because all parties regularly conduct business within this district and the acts complained of by Plaintiffs arose therein.

## IV. FACTUAL BACKGROUND OF REPRESENTATIVE PLAINTIFF GILBERT

15. During the hiring process Defendant Maris Grove interviewed Plaintiff Gilbert on three separate occasions and performed a criminal history background check.

16. On November 11, 2008, Plaintiff Gilbert was hired by Defendant Maris Grove.

17. At no time during his years of his employment was Plaintiff Gilbert subject to any disciplinary proceedings and his annual performance evaluations noted, without exception, that he showed "strong performance" and received high praise as a "dedicated and valuable addition to the Maris Grove family."

18. On or about April 5, 2011, without any warning Plaintiff Gilbert was terminated.

19. Defendant Maris Grove stated the termination was the result of performing a fourth

criminal background check, even though this criminal report was consistent with the history found at the time of hiring Plaintiff Gilbert.

20. At the time of termination, Plaintiff Gilbert was employed as a Maintenance Mechanic with hourly rate of $15.23.

## V. FACTUAL BACKGROUND OF REPRESENTATIVE PLAINTIFF FRANCIS

21. During the hiring process Defendant Maris Grove interviewed Plaintiff Francis and performed a criminal history background check.

22. On May 31, 2009, Plaintiff Francis was hired by Defendant Maris Grove.

23. At no time was Plaintiff Francis subject to disciplinary proceedings.

24. On July 6, 2011, Plaintiff Francis was suspended without warning.

25. On September 12, 2011, Plaintiff Francis was terminated by Defendant Maris Grove.

26. At the time of termination, Plaintiff Francis was employed as a Kitchen Utility Supervisor at the hourly rate of $13.77.

## VI. CLASS ACTION ALLEGATIONS

27. Plaintiffs are individuals who were employed by Defendant Maris Grove, but were terminated after a subsequent criminal history background check, even though the new criminal report was consistent with the history found at the time of their initial hiring.

28. Pursuant to FRCP 23 the Plaintiffs allege as follows:

   (1) The class is so numerous that joinder of all members is impracticable because Defendant Maris Grove has exclusive control of necessary information for discovering potential class members.

   (2) There are both questions of law and fact common to class members, as set forth in the Counts. For example, there is a question as to whether the Pennsylvania

        Constitution and statute raised herein are applicable to the class members that were terminated because of their criminal background record.

(3)   The claims of Plaintiffs Gilbert and Francis are typical of the claims for the classes. There is substantial commonality among class members. Defenses are likely to be typical, if the claims were raised individually.

(4)   The representative Plaintiffs will fairly and adequately protect the interests of the class. The Plaintiffs' attorney will zealously advocate for all class members, does not foresee any conflicts of interest, and has adequate financial resources to assure the interests of the classes will not be harmed.

(5)   The class action provides a fair and efficient method for adjudication. Questions of law and fact are the same for all class members with adjudication being dispositive for all class members, the size of the class and management thereof are within the managerial scope and financial resources of the Plaintiffs' attorney, and separate actions are highly likely to result in inconsistent results. Further, the forum is appropriate and many potential class members are either unaware, unwilling, or would find legal representation difficult to retain because some of the class members have small or an insufficient amount of damages.

## COUNT I

### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e (a)(1)
### DISPARATE IMPACT-RACE

### PLAINTIFFS VS. DEFENDANTS

29. The above paragraphs are incorporated as if set forth fully herein.

30. Defendants use criminal history, which although appears neutral on its face, disproportionately disqualifies members of a protected class – RACE and causes

disparate impact discrimination.

31. Title VII states:

> With respect to criminal records, there is Title VII disparate impact liability where the evidence shows that a covered employer's criminal record screening policy or practice disproportionately screens out a Title VII-protected group and the employer does not demonstrate that the policy or practice is job related for the positions in question and consistent with business necessity.

42 U.S.C. § 2000e-2(k)(1)(A)(i).

32. At all times material the Plaintiffs qualified for their jobs and were actual employees of Defendant Maris Grove.

33. Defendant DOA wrote and told Defendant Maris Grove to terminate the Plaintiffs.

34. Both Defendants violated and failed to comply with the statute mandating that prior convictions may be considered "only to the extent" to which criminal history relates to the employee's actual job functions. 18 Pa.C.S. § 9125(b), *Nixon v. Commonwealth*, 839 A.2d 277.

35. Neither Defendant considered "the remoteness of those convictions or the individual's subsequent performance." *Secretary of Revenue v. John's Vending Corporation*, 309 A.2d 358.

36. Defendant Maris Grove's decision to terminate the Plaintiffs, rather than perform an individual job analysis per employee and offer alternative job positions to each Plaintiff, 42 U.S.C. § 2000e-2(k)(1)(A)(ii), is not consistent with the defense of business necessity and violates 18 Pa.C.S. § 9125(b) and case law.

37. Defendant DOA's instruction to terminate the Plaintiffs, rather than instruct Defendant Maris Grove to perform an individual job analysis and to consider alternative job positions for each Plaintiff, 42 U.S.C. § 2000e-2(k)(1)(A)(ii), violates 18 Pa.C.S. §

9125(b) and case law.

**WHEREFORE**, Plaintiffs seek the remedies set forth below in the Relief Requested and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT II
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e (a)(2)
### DISPARATE TREATMENT-RACE

### PLAINTIFFS VS. DEFENDANTS

38. The above paragraphs are incorporated as if set forth fully herein.

39. Defendants used prior criminal history as a policy basis to terminate Plaintiffs, which although appears neutral on its face, discriminates against members of a protected class – RACE and causes disparate treatment discrimination.

40. Defendants knew, or should have known, the policy caused disparate treatment.

**WHEREFORE**, Plaintiffs seek the remedies set forth below in the Relief Requested and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT III
### Violation of 42 U.S.C. § 1983, Equal Protection under the Constitution of the United States

### PLAINTIFFS VS. DEFENDANTS

41. The above paragraphs are incorporated as if set forth fully herein.

42. Plaintiffs allege that Defendant Maris Grove has, or had, other non-black employees, who have criminal histories, but that those non-black employees were not terminated.

WHEREFORE, Plaintiffs seek the remedies set forth below in the Relief Requested and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT IV

### Constitutional Violation of the Right to Work in Pennsylvania
### Unlawful Termination

### PLAINTIFFS VS. DEFENDANTS

43. The above paragraphs are incorporated as if set forth fully herein.

44. Article I, section 1 of the Pennsylvania Constitution provides:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1.

45. The right to pursue a lawful occupation is a right protected by Article I, section 1. *Nixon v. Commonwealth*, 839 A.2d 277, 288 (Pa. 2003).

46. It is unreasonable to bar employment for prior criminal convictions without consideration "to the remoteness of those convictions or the individual's subsequent performance." *Secretary of Revenue v. John's Vending Corporation*, 309 A.2d 358, 362 (Pa. 1973).

WHEREFORE, Plaintiffs seek the remedies set forth below in the Relief Requested and further relief as the Court deems equitable, just and proper under the circumstances.

## COUNT V

### Statutory Violation of the Right to Work in Pennsylvania
### Unlawful Termination

### PLAINTIFFS VS. DEFENDANTS

47. The above paragraphs are incorporated as if set forth fully herein.

48. Pursuant to 18 Pa.C.S. § 9125(b), it provides:

> Felony and misdemeanor convictions may be considered by the employer **only to the extent** to which they relate to the applicant's suitability for employment in the position for which he has applied. (boldness added).

49. Further, it is unreasonable to bar employment for prior criminal convictions without consideration "to the remoteness of those convictions or the individual's subsequent performance." *Secretary of Revenue v. John's Vending Corporation*, 309 A.2d 358, 362 (Pa. 1973).

**WHEREFORE**, Plaintiffs seek the remedies set forth below in the Relief Requested and further relief as the Court deems equitable, just and proper under the circumstances.

## VII. RELIEF REQUESTED

**WHEREFORE**, Plaintiffs demand compensatory and punitive damages in addition to counsel fees, costs, interest and further monetary relief as deemed appropriate by a jury, for all issues that may be tried by a jury, and by the Court.

Respectfully submitted,

Date: March 5, 2014.

By: /s/Patrick Flanigan
Patrick Flanigan
E-Signature Validation Code: PFF8163

## VERIFICATION

I, THOMAS GILBERT, am the Plaintiff in the above captioned matter and affirm that the information contained in the foregoing **CLASS ACTION COMPLAINT – CIVIL ACTION** is true and correct to the best of my knowledge, information and belief after reasonable inquiry. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands verifications herein are made subject to 28 U.S.C. § 1746.

Date: March 4, 2014.

By: _Thomas Gilbert_
Thomas Gilbert
927 Booth Street
Chester, PA 19013-1616

## VERIFICATION

I, Patrick Flanigan, verify that I am the attorney for the Plaintiff in the above captioned matter and that the information contained in the foregoing **CLASS ACTION COMPLAINT – CIVIL ACTION** is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands verifications herein are made subject to 28 U.S.C. § 1746.

Date: March 5, 2014

By: _Patrick Flanigan_
For CMS/ECF: /s/Patrick Flanigan
Patrick Flanigan
Attorney for Plaintiff

## VERIFICATION

I, _William L.G. Francis_, am the Plaintiff in the above captioned matter and affirm that the information contained in the foregoing **CLASS ACTION COMPLAINT – CIVIL ACTION** is true and correct to the best of my knowledge, information and belief after reasonable inquiry. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands verifications herein are made subject to 28 U.S.C. § 1746.

Date: February _26_, 2014.     By: _William Francis_
William Francis
Apt. A
1008 McAlway Road
Charlotte, NC 28211


## VERIFICATION

I, Patrick Flanigan, verify that I am the attorney for the Plaintiff in the above captioned matter and that the information contained in the foregoing **CLASS ACTION COMPLAINT – CIVIL ACTION** is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands verifications herein are made subject to 28 U.S.C. § 1746.

Date: March _4_, 2014     By: _Patrick Flanigan_
For CMS/ECF: /s/Patrick Flanigan
Patrick Flanigan
Attorney for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

14  1431

## I. (a) PLAINTIFFS
Thomas Gilbert, William Francis, and Others Similarly Situated

**DEFENDANTS**
Maris Grove and Pennsylvania Department of Aging

(b) County of Residence of First Listed Plaintiff **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick Flanigan, Law office of Patrick Flanigan, P.O. Box 42, Swarthmore, PA 19081-0042 Tel: (484) 904-7795

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation / ☒ 440 Other Civil Rights / **Habeas Corpus:** | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure / ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment / ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | | ☒ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land / ☐ 443 Housing/Accommodations / ☐ 530 General | | | | |
| ☐ 245 Tort Product Liability / ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property / ☐ 446 Amer. w/Disabilities - Other / **Other:** | | ☐ 462 Naturalization Application | | |
| ☐ 448 Education / ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration Actions | | |
| ☐ 550 Civil Rights | | | | |
| ☐ 555 Prison Condition | | | | |
| ☐ 560 Civil Detainee - Conditions of Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII and PA Statute

Brief description of cause:
Wrongful Termination based on Race and Discrimination

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE **March 5, 2014**  SIGNATURE OF ATTORNEY OF RECORD **Patrick Flanigan**

MAR - 6 2014

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 927 Booth Street, Chester, PA 19013

Address of Defendant: 100 Maris Grove Way, Glenn Mills, PA 19342

Place of Accident, Incident or Transaction: Address of Defendant Maris Grove
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes[X] No[ ]

Does this case involve multidistrict litigation possibilities? Yes[ ] No[X]

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes[ ] No[X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes[ ] No[X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes[ ] No[X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes[ ] No[X]

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. [X] Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, Patrick Flanigan, counsel of record do hereby certify:
[X] Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: March 5, 2014      Patrick Flanigan      92794
                          Attorney-at-Law       Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/05/14      Patrick Flanigan      92794
                     Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Thomas Gilbert, William Francis,
  v. & Class

Maris Grove & PA Dept. of Aging

CIVIL ACTION

NO. 14  1431

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

March 5, 2014         Patrick Flanigan            Plaintiffs
Date                  Attorney-at-law             Attorney for
(484) 904-7795        None                        Pat@lawofficepf.com
Telephone             FAX Number                  E-Mail Address

(Civ. 660) 10/02

MAR - 6 2014